# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 04-758 |
| JOHN SPANN | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                      July 9, 2009

Before the court are three *pro se* motions filed by the defendant John Spann: (1) Motion to Vacate and Set Aside Judgment, pursuant to 28 U.S.C. § 2255 (Document #71), (2) Request for Discovery (Document #75), and (3) Petition for Bail (Document #76). Upon careful consideration of the parties' memoranda and for the reasons discussed herein, I will deny all the motions.

## I. Background

On December 2, 2004, John Spann was charged by a federal grand jury with violating 18 U.S.C. §§ 922(g)(1) (convicted felon in possession of a firearm) and 924(e) (career criminal in possession of a firearm). Following a two-day trial, Mr. Spann was found guilty on March 30, 2005, of violating § 922(g)(1).

Spann's sentencing hearing was held on August 2, 2005. To prove Spann's status as an armed career criminal under § 924(e), the Government provided certified copies of records from the Philadelphia County Court of Common Pleas of Mr. Spann's three prior

convictions: a burglary conviction from 1979 and aggravated assault convictions from 1986 and 1991. (Sentencing Hr'g Tr. 11:17–12:23, Aug. 2, 2005.) With respect to the application of the enhanced sentencing provided under § 924(e), Mr. Spann's counsel objected on the basis the convictions should have been submitted for a finding by the jury,[1] but conceded that her client qualified as an armed career criminal based on the record and information provided by the Government. (Id. 5:1–20.) In light of the certified copies presented and the presentence report, the court found by a fair preponderance of the evidence that Mr. Spann was an armed career criminal for the purposes of § 924(e). (Id. 12:24–13:17.) The court sentenced Mr. Spann to a term of imprisonment of 188 months, which was within the guideline range. (Id. 14:4–7.)

Mr. Spann's § 2255 motion argues (1) the Armed Career Criminal Act, 18 U.S.C. § 924(e), should not have been applied against him because a 1979 burglary conviction was improperly considered and (2) his counsel was ineffective for failing to research his criminal background and the relevant Pennsylvania burglary statute. After the Government filed its response, Spann filed the request for leave to conduct discovery in support of the § 2255 motion as well as a request to be placed on bail pending a decision

---

[1] The Supreme Court's ruling in Almendarez-Torres v. United States, 523 U.S. 224 (1998), established that recidivism is not an element of an offense and may be considered separately by the court for a statutorily prescribed sentencing enhancement. Id. at 243-44. Defense counsel's objection was based in part on later Court opinions casting a shadow on the continued viability of the Almendarez-Torres holding. See, e.g., Shepard v. United States, 544 U.S. 13, 27 (2005) (Thomas, J., concurring). I overruled this objection because Almendarez-Torres had not been reversed and was still controlling law. (Sentencing Hr'g Tr. 11:11-17.) The Third Circuit Court of Appeals later affirmed this decision. See United States v. Spann, 243 Fed. Appx. 689, 690-91 (3d Cir. 2007).

on the motion.

**II. Standard of review**

Mr. Spann is entitled to relief only if his custody or sentence violates federal law or the Constitution of the United States. Title 28 of the United States Code, Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The district court is given discretion in determining whether to hold an evidentiary hearing on a *habeas* petition under Section 2255. See Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the *habeas* petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). The court may summarily dismiss a motion brought under Section 2255 where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969

F.2d 39, 41-42 (3d Cir. 1992)); see also Forte, 865 F.2d at 62.

**III. Discussion**

    **A. Motion for relief under § 2255**

        **1. The prior burglary conviction was properly considered as a predicate conviction under the Armed Career Criminal Act**

Section 922(g) of Title 18 of the United States Code makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to ship, transport, possess, or receive any firearm that has been transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). The Armed Career Criminal Act, 18 U.S.C. § 924(e), works in conjunction with Section 922(g) to provide a fifteen-year minimum sentence for any person who violates Section 922(g) and has three previous "violent felony" or "serious drug offense" convictions. Id. § 924(e)(1). "Violent felony" is defined in part as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary . . . or involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

Noting the variations in burglary statutes across the country, the Supreme Court held that § 924(e)'s "burglary" reference meant burglary in the generic sense, which is most simply defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990); see also United States v. Bonilla Velasquez, 182 Fed. Appx. 120,

122 (3d Cir. 2006) (adopting the generic definition of burglary provided in Taylor); United States v. O'Brien, 972 F.2d 47, 50 (3d Cir. 1992) (same). Though a defendant is convicted of burglary under a non-generic burglary statute—that is, a burglary statute whose definition of burglary is broader than the generic definition—the Court has ruled that such a conviction may be considered under the Armed Career Criminal Act if the conviction had required finding all the elements of a generic burglary. Taylor, 495 U.S. at 602.

To determine whether Spann was an armed career criminal, the court must consider the factual basis of his burglary conviction. Because Pennsylvania's burglary statute criminalizes entry into places other than buildings, such as a vehicle, the Third Circuit has held that the state statute is broader than the generic definition of burglary. See United States v. Bennett, 100 F.3d 1105, 1109 (3d Cir. 1996); see also id. ("Given Pennsylvania's broad definition, it would be possible for a person to be convicted of burglary for unlawful entry into a yard where commercial activity occurs. That person would not be guilty of 'burglary' under the meaning of § 924(e) however."). Consequently, a burglary conviction under the Pennsylvania statute does not necessarily qualify as a predicate conviction for the purposes of § 924(e). Id. at 1110.

Section 924(e) was applicable under these facts. The jury found Mr. Spann guilty of violating § 922(g)(1), satisfying the first part for applying Section 924(e). As to whether Mr. Spann had three prior convictions sufficient to categorize him as an armed

career criminal, there is no question. My review of the record reveals that Mr. Spann's burglary conviction was properly considered at the sentencing hearing. The certified conviction records included a copy of the criminal complaint, which may be considered by the court. Shepard v. United States, 544 U.S. 13, 16 (2005) ("[A] court sentencing under the [Armed Career Criminal Act] [can] look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial was for generic burglary."); id. at 26 (indicating that in addition to a charging document, plea agreement, or colloquy transcript, a court sentencing under the Armed Career Criminal Act may also consider any "comparable judicial record of this information"); Garcia v. Attorney Gen. of the United States, 462 F.3d 287, 292 (3d Cir. 2006) ("In Pennsylvania, a criminal complaint is not merely a police report. It is the charging instrument . . . ."); see also United States v. Thomas, 2008 WL 3073585, at *3 (E.D. Pa. Jul. 31, 2008) (accepting the Government's submission of certified bills of information and criminal complaints to establish the defendant's status as an armed career criminal).

The complaint indicates that on or about November 21, 1979, Mr. Spann broke into a residence located at 1927 S. 8th Street in Philadelphia, Pennsylvania. (See Gov't's Sentencing Mem. Ex. A (November 21, 1979 criminal complaint submitted by Det. Pat Laurenzi) (Document #55).) The criminal information submitted by the Government at the sentencing hearing states Spann was charged with unlawfully entering a building with

intent to steal United States currency and household items.[2] (See Gov't's Opp'n Mem. Ex. 4 (criminal information filed by the District Attorney of Philadelphia charging John Spann with burglary) (Document #73).)

These documents make it clear Mr. Spann's 1979 conviction was based on facts fitting the generic definition of burglary provided in Taylor. As a result, it was properly considered under § 924(e) and confirmed his violation of the Armed Career Criminal Act. For these reasons, I find Mr. Spann's arguments to be wholly unpersuasive and will deny the motion with respect to this argument.

### 2. Mr. Spann was not denied the effective assistance of counsel

Mr. Spann alleges his counsel was ineffective for failing to do sufficient research regarding his status as an armed career criminal and failing to determine beforehand whether Pennsylvania had a non-generic burglary statute. (Def.'s Section 2255 Mot. at 6–7; Def.'s Traverse at 7 (Document #74).) I will deny the motion as to this point. No amount of research or investigation would have altered the fact that Mr. Spann was an armed career criminal whose Section 922(g)(1) conviction qualified him for enhanced sentencing.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth the

---

[2] For these same reasons, Mr. Spann's argument that his burglary conviction did not meet Section 924(e)'s requirement fails. Without providing any meaningful discussion, he claims the conviction fails because there was "no serious potential risk of physical injury to another." This argument is wholly incorrect. The Government is not required to prove there was a serious risk of physical injury to others. Section 924(e)(1) requires that the defendant have three convictions for a "violent felony" or a "serious drug offense." Section 924(e)(2)(B)(ii) provides a definition of "violent felony" directly including burglary. In other words, a generic burglary is a *per se* violent felony for the purposes of Section 924(e).

two-part test for determining when counsel ineffectiveness. The first part requires the petitioner to demonstrate counsel's performance fell below an "objective standard of reasonableness." Id. at 688. In considering this part, the court must attempt to "eliminate the distorting effects of hind sight" and "evaluate the conduct from counsel's perspective at the time." Id. at 689. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691. He or she is presumed "to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

The second part requires the petitioner to demonstrate counsel's deficiencies were prejudicial to the case. Id. at 692. It is not enough that the deficiency had *some* effect on the proceeding. Id. at 693. The petitioning party must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Mr. Spann fails to meet this test. The fundamental problem is that Mr. Spann would have the court assume an investigation by counsel would have changed the facts considered at his sentencing. There is no indication that different facts would have been presented to create a reasonable probability the result of the proceeding would have been different. I find that even assuming *arguendo* counsel's performance was deficient, the second part of the Strickland test is not satisfied.

Mr. Spann's criminal history was clear, and as discussed above, the 1979 burglary conviction was properly considered at sentencing. No amount of investigation would have changed the fact that Mr. Spann's conviction was for feloniously entering a building with the intent to commit a crime. Because the primary elements of a generic burglary were at the heart of Spann's conviction, the scope of Pennsylvania's burglary statute is immaterial.

Adding the burglary conviction to the two aggravated assault convictions, the court found that Mr. Spann qualified as an armed career criminal. At that point, Section 924(e) then unequivocally provided for enhanced sentencing. Mr. Spann has not demonstrated what type of investigation he expected his counsel to undertake so as to change this outcome. For these reasons, I conclude that Spann was not denied the effective assistance of counsel at sentencing as the record unmistakably shows that he was properly subjected to Section 924(e)'s enhanced sentencing provision.

**B. Request for discovery**

Mr. Spann filed a request to discover all documents "from Mr. White (probation office)" and two supplemental letters submitted by the Government to the court. (See Request for Discovery at 1.) I will deny this request because (1) Mr. Spann has failed to provide the allegations necessary to determine whether his request is supported by good cause and (2) his request for § 2255 relief is without merit.

Habeas petitioners are not entitled to discovery as a matter of ordinary course.

Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2255 Cases states, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the principles and practices of law." At a minimum, the petitioner must provide specific allegations from which the court may determine whether granting the request would enable the petitioner to demonstrate he or she is entitled to relief. Bracy, 520 U.S. at 904.

Mr. Spann's request presents no such allegations. It only indicates that granting discovery would place the court "in a much better position to make a ruling on Mr. Spann's § 2255." (Request for Discovery at 1.) From these statements alone, it is impossible to determine whether good cause exists to grant his request. More importantly, for the reasons expressed above, I find the § 2255 motion to be meritless, which makes discovery unnecessary. Accordingly, the request will be denied.

**C. Petition for bail**

Because I have already considered and rejected the section 2255 motion, I will dismiss the request for bail as moot. The district courts have the authority to grant bail pending review of a petition for *habeas corpus*. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992). The Third Circuit has held that "bail pending post-conviction habeas corpus review is available only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary

to make the habeas remedy effective." Id. Spann has presented no legal argument, nor am I aware of any case law, stating that a district court is authorized to grant bail *after* it has considered and denied a request for collateral relief.[3]

**D. Certificate of appealability**

An appeal to the Court of Appeals is not permitted unless the petitioner obtains a certificate of appealability. 28 U.S.C. § 2253. The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to present a "substantial showing of a denial of any constitutional right" such that an appeal is justified, the mere allegation of a constitutional wrong is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996). To establish the required showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529

---

[3] Even when considering the substance of Spann's arguments, he is not entitled to be released on bail. First, the bald assertion that his status as an armed career criminal is "debatable among jurists of reasons [sic]" is facially insufficient to meet the burden he bears here. The question is not whether the issue is *debatable*, but whether his constitutional claim has a *high probability of success*. The court does not suggest that petitioners seeking to be released on bail must employ talismanic language in their requests. The point is made to illustrate how high the standard is and how far short Spann's argument falls. Additionally (and more importantly), the substance of his argument is incorrect for the reasons discussed above. There is *no* probability of success.
    Second, there is no indication that extraordinary or exceptional circumstances warrant placing the defendant on bail. Spann's averments that he is not a danger to the community or a flight risk hardly approach the level of being extraordinary or exceptional. See Landano, 970 F.2d at 1239 ("Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence.").

U.S. 473, 484 (2000). The claim must be constitutional in nature. There may be no certificate of appealability for an issue which presents only a statutory or sentencing guidelines question. United States v. Cepero, 224 F.3d 256, 262-68 (3d Cir. 2000). Mr. Spann has not made the required showing of a denial of a constitutional right. I will deny the issuance of a certificate of appealability.

**IV. Conclusion**

For the foregoing reasons, I will deny the defendant's motion to vacate, request for discovery, and petition for bail. An appropriate Order follows.